**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARGARET HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 13-CV-2894 |
| ) | |
| BEST BUY STORES LLP and ) | Judge Charles Norgle |
| RYAN COMPANIES US, INC., ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. ) | |

**AMENDED COMPLAINT AT LAW**

**Count I**
*MARGARET HENRY v. BEST BUY STORES LLP*

NOW COMES the Plaintiff, MARGARET HENRY, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and complaining of the Defendant, BEST BUY STORES LLP, states as follows:

1. That on or about the July 1, 2011, at approximately 6:40 p.m., Plaintiff, MARGARET HENRY, was lawfully on the premises commonly known as Best Buy located at or about 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

2. That at the time and place aforesaid, Plaintiff was caused to slip, stumble and fall due to the dangerous and unsafe conditions *to wit*, a dark, non-illuminated, elevated, unmarked, uneven surface and/or shopping floor, located on the aforesaid premises.

3. That at all relevant times mentioned herein, the Defendant, BEST BUY STORES LLP, did own said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

1

4. That at all relevant times mentioned herein, the Defendant, BEST BUY STORES LLP, did manage said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

5. That at all relevant times mentioned herein, the Defendant, BEST BUY STORES LLP, did maintain said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

6. That at all relevant times mentioned herein, the Defendant, BEST BUY STORES LLP, did control said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

7. That prior to the time aforesaid, it was the duty of the Defendant to properly manage, maintain and control said premises, specifically to properly illuminate said location with reasonable care and caution so that those lawfully upon said premises, including the Plaintiff herein, would not be injured.

8. That prior to the time aforesaid, it was the duty of the Defendant to properly manage, maintain and control said premises, specifically to keep said surface illuminated and non-elevated, unmarked, or uneven, with reasonable care and caution so that those lawfully upon said premises, including the Plaintiff herein, would not be injured.

9. That notwithstanding said duty, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:

   a. Carelessly and negligently managed the aforesaid premises allowing a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

   b. Carelessly and negligently maintained the aforesaid premises allowing a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    c.    Carelessly and negligently controlled the aforesaid premises allowing a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    d.    Carelessly and negligently permitted said premises to become unreasonably dangerous condition *to wit* a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    e.    Carelessly and negligently failed to give the Plaintiff warning of the dangerous and defective conditions of said premises *to wit* a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    f.    Carelessly and negligently allowed said premises to be and remain in an unsafe and dangerous condition although Defendant knew or should have known of the said defective and dangerous conditions;

    g.    Carelessly and negligently permitted latent defects to exist in said premises although the Defendant knew or should have known of said defects;

    h.    Carelessly and negligently failed to make any inspections of said premises although Defendant knew or in the exercise of ordinary care should have known said premises should have been inspected.

10.    That as a direct and proximate result of one or more of the aforesaid acts of negligence of the Defendant, Plaintiff was caused to sustain severe and lasting injuries which have and will in the future cause her great pain and suffering, both physical and mental, and she has been and will in the future be compelled to expend large sums of money in and about medical aid and attention endeavoring to be cured of her said injuries, and she has been and will in the future be prevented from attending to her usual affairs and occupation.

WHEREFORE, Plaintiff, MARGARET HENRY, prays for judgment against the Defendant, BEST BUY STORES LLP, in an amount in excess of the jurisdictional requirements of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**Count II**
*MARGARET HENRY v. RYAN COMPANIES US, INC.*

NOW COMES the Plaintiff, MARGARET HENRY, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and complaining of the Defendant, RYAN COMPANIES US, INC., states as follows:

1. That on or about the July 1, 2011, at approximately 6:40 p.m., Plaintiff, MARGARET HENRY, was lawfully on the premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

2. That at the time and place aforesaid, Plaintiff was caused to slip, stumble and fall due to the dangerous and unsafe conditions *to wit*, a dark, non-illuminated, elevated, unmarked, uneven surface and/or shopping floor, located on the aforesaid premises.

3. That at all relevant times mentioned herein, the Defendant, RYAN COMPANIES US, INC., did own said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

4. That at all relevant times mentioned herein, the Defendant, RYAN COMPANIES US, INC., did manage said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

5. That at all relevant times mentioned herein, the Defendant, RYAN COMPANIES US INC., did maintain said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

6. That at all relevant times mentioned herein, the Defendant, RYAN COMPANIES US, INC., did control said premises commonly known as 7330 West 191st Street, Village of Tinley Park, County of Cook, State of Illinois.

7. That prior to the time aforesaid, it was the duty of Defendant to properly manage, maintain and control said premises, specifically to properly illuminate said location with

4

reasonable care and caution so that those lawfully upon said premises, including the Plaintiff herein, would not be injured.

8. That prior to the time aforesaid, it was the duty of Defendant to properly manage, maintain and control said premises, specifically to keep said surface illuminated and non-elevated, unmarked, or uneven, with reasonable care and caution so that those lawfully upon said premises, including the Plaintiff herein, would not be injured.

9. That notwithstanding said duty, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:

    a. Carelessly and negligently managed the aforesaid premises allowing a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    b. Carelessly and negligently maintained the aforesaid premises allowing a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    c. Carelessly and negligently controlled the aforesaid premises allowing a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    d. Carelessly and negligently permitted said premises to become unreasonably dangerous condition *to wit* a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    e. Carelessly and negligently failed to give the Plaintiff warning of the dangerous and defective conditions of said premises *to wit* a non-illuminated and elevated, unmarked, or uneven surface and/or shopping floor;

    f. Carelessly and negligently allowed said premises to be and remain in an unsafe and dangerous condition although Defendant knew or should have known of the said defective and dangerous conditions;

    g. Carelessly and negligently permitted latent defects to exist in said premises although the Defendant knew or should have known of said defects;

    h. Carelessly and negligently failed to make any inspections of said premises although Defendant knew or in the

      exercise of ordinary care should have known said premises
      should have been inspected;

10. That as a direct and proximate result of one or more of the aforesaid acts of negligence of the Defendant, Plaintiff was caused to sustain severe and lasting injuries which have and will in the future cause her great pain and suffering, both physical and mental, and she has been and will in the future be compelled to expend large sums of money in and about medical aid and attention endeavoring to be cured of her said injuries, and she has been and will in the future be prevented from attending to her usual affairs and occupation.

WHEREFORE, Plaintiff, MARGARET HENRY, prays for judgment against the Defendant, RYAN COMPANIES US, INC., in an amount in excess of the jurisdictional requirements of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

              By: /s/ Willard L. Hemsworth III_____

Willard L. Hemsworth III – 06280200
RATHBUN, CSERVENYAK & KOZOL, LLC
3260 Executive Drive
Joliet, IL  60431
(815) 730-1977