IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET HENRY,                )
                               )
         Plaintiff,            )
                               )   No. 13 CV 2894
    v.                         )
                               )   Hon. Charles R. Norgle
BEST BUY CO., INC., and        )
RYAN COMPANIES US, INC.,       )
                               )
         Defendants.           )

**OPINION AND ORDER**

In this diversity jurisdiction action, Plaintiff Margaret Henry ("Plaintiff") sues Defendants Best Buy Co., Inc. ("Best Buy") and Ryan Companies US Inc. ("Ryan Companies") (collectively "Defendants") for negligence related to her fall at Best Buy's store in Tinley Park, Illinois. Before the Court is Defendants' motion for summary judgment. For the following reasons, the motion is granted.

**I. BACKGROUND[1]**

On the evening of July 1, 2011, Plaintiff was shopping at Best Buy for a new television with her husband Omer Henry ("Omer") and son Thomas Henry ("Thomas") when she tripped and fell to the floor, injuring her wrists and chin. At the time of her fall, she was eighty-one years of age. Ryan Companies owns the building in which Plaintiff fell, and Best Buy leases the premises and operates the retail store.

While in the store, Plaintiff used a credit card to purchase a television at a payment counter in the home theater department. After her credit card was swiped, Plaintiff had to walk

---

[1] The Court takes the undisputed facts from the parties' Local Rule 56.1 statements and notes disputed facts, if any, within the text.

around the counter to finish the transaction on the electronic panel. Plaintiff states: "'[W]hen I got partway around, I tripped on something on the floor with my toe, and it threw me forward into the shelves.'" Defs.' Local R. 56.1(a)(3) Statement of Material Facts in Support of Mot. for Summ. J. ¶ 21. Plaintiff, Omer[2], Thomas, and Best Buy employee Timothy Conrath ("Conrath") were present at the payment counter when Plaintiff fell. Plaintiff was immediately transported to the hospital in an ambulance and treated for her injury. Her husband and son finished the transaction and Plaintiff spent the night in the hospital.

Recalling how she fell, Plaintiff said, "'I stubbed – I stubbed my toe in the carpet. That's all I can remember. I knew I stubbed my toe, and it threw me forward.'" Id. at ¶ 24. However, Plaintiff does not know what caused her to fall. She does not remember having any problem seeing where she was walking, she does not remember any problems with the carpet, and she remembers the floor being flat. Because she was so quickly taken to the hospital, she did not have a chance to examine the area very closely. She was never told what she tripped on.

Plaintiff's son, Thomas, was standing nearby when she fell but he did not see exactly how it happened either. Thomas said that the best he could do was speculate that his mom tripped on a building support column, which he guessed was one and a half feet from the payment counter. When asked, "'Do you know what caused your mom to fall'" at the deposition, he responded, "'Speculation, I could say she caught her foot on the pole.'" Id. at 52. But Thomas "'didn't see it'" happen. Id. He speculated that the pole was the cause, "'Because there was no mats or nothing…There was no mats, plastic mats or anything like that [in the area]. It was just carpet.'" Id. Also, Thomas admits that his theory is contrary to what Plaintiff told him; Plaintiff said "'[s]he thought she caught her foot on the carpeting.'" Id. at 54.

---

[2] Unfortunately, Omer died on May, 7, 2012; he was never deposed.

2

Conrath did not see what caused Plaintiff to trip either, but he thought it was possible that Plaintiff tripped over the nearby shopping cart that held her soon-to-be-purchased television. Recalling the incident, Conrath stated, "'the shopping cart [was] behind me, behind even with the drawers...After she tripped the shopping cart was moved forward from that position.'" Id. at 40. Conrath noticed that Omer was standing by the shopping cart at the time of Plaintiff's fall, which he had been leaning on from the time he entered the store. However, Conrath reiterated that he did not see Plaintiff's feet when she fell; he assumed that she tripped on the shopping cart because there was nothing on the floor where she fell except "bare carpeting." Id. at 44.

On March 14, 2013, Plaintiff initiated the instant action in state court, alleging negligence against Defendants. Defendants removed the action to this Court on April 17, 2014, on the basis of diversity jurisdiction. On May 30, 2014, Defendants filed a motion for summary judgment. The motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Id. The Court does not "assess the credibility of

3

witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." Stokes v. Bd. of Educ. of the City of Chi., 599 F.3d 617, 619 (7th Cir. 2010).

But before the nonmoving party "can benefit from a favorable view of evidence, [she] must first actually place evidence before the courts." Montgomery v. Am. Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010). Simply showing that there is "some metaphysical doubt as to the material facts" will not defeat a motion for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted); see also Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). And, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Summary judgment is appropriate if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Majors v. Gen. Elec. Co., 714 F.3d 527, 532 (7th Cir. 2013) (quoting Celotex Corp., 477 U.S. at 322).

**B. Motion for Summary Judgment**

The Court applies Illinois premises liability law in this diversity jurisdiction action. "In a negligence action, a plaintiff must prove: (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury." Majetich v. P.T. Ferro Const. Co., 906 N.E.2d 713, 717 (Ill. App. Ct. 2009). "No liability can exist unless the defendant's alleged negligence is the legal cause of the plaintiff's injury and if the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a prima facie case." Kimbrough v. Jewel Co., Inc., 416 N.E.2d

328, 331 (Ill. App. Ct. 1981). Defendants argue that Plaintiff fails to establish any of the three elements needed to prove negligence.

To defeat summary judgment, Plaintiff contends that there is a genuine issue "whether the layout of the area and a steel column near the counter caused Plaintiff to trip and fall." Pl.'s Memo. of Law 2. On the issue of proximate cause, Plaintiff relies on Thomas's testimony to argue that "a trier of fact could draw a reasonable inference that the column proximately caused the Plaintiff's fall." Id. at 4. According to Thomas, he was standing only about three feet from the counter when Plaintiff fell and he thought that Plaintiff seemed to twist and turn as she fell to the ground.

Plaintiff also argues that issues of material fact exist because Conrath's testimony is self-conflicting throughout, and in particular, his testimony about how Plaintiff fell to the ground conflicts with Thomas's testimony – namely, Conrath said Plaintiff fell forward and Thomas said she twisted and turned as she fell. Plaintiff further argues that her testimony that she fell forward while moving around the payment counter creates a genuine issue of material fact that warrants denial of summary judgment.

First, the Court turns to Plaintiff's argument that Thomas' testimony is sufficient to support a reasonable inference that the steel column caused Plaintiff to fall. "The issue of proximate cause in a negligence action is generally an issue of material fact to be decided by the trier of fact; however, if the facts as alleged show that the plaintiff would never be entitled to recover, proximate cause can be determined by the court as a matter of law." Strutz v. Vicere, 906 N.E.2d 1261, 1264 (Ill. App. Ct. 2009). Here, the Court can determine proximate cause as a matter of law because "[l]iability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that

defendant's acts caused the injury." Kimbrough, 416 N.E.2d at 331; see also Majetich, 906 N.E.2d at 717 ("The existence of proximate cause cannot be established by speculation, surmise, or conjection."). A plaintiff needs to submit "affirmative and positive evidence that defendant proximately caused plaintiff's injuries," if not, "a plaintiff fails to establish the existence of material fact." Majetich, 906 N.E.2d at 717.

In this case, three witnesses were in the immediate vicinity of Plaintiff's fall and none of them said they saw her trip on the column. The distance in which Thomas stood from Plaintiff as she fell and the style or manner in which she fell is circumstantial evidence that does not lead to a singular conclusion of what caused Plaintiff to fall. "Facts, however, will not be established from circumstantial evidence where more than one conclusion can be drawn." Id. at 718. Thomas readily admitted his belief that Plaintiff caught her foot on the column was speculation. And by Plaintiff's own accounts, she repeatedly stated that she tripped because of the carpet, not the column. The Court finds no affirmative evidence from which it can be reasonably inferred that the column was the proximate cause of Plaintiff's fall. Furthermore, there is a dearth of evidence that any alleged act or omission of Defendants was the proximate cause of Plaintiff's injuries.

Plaintiff's remaining arguments are also meritless because the disputes she raises regarding Conrath's and her own testimony do not affect the outcome of the case under the governing law. In a slip and fall case, such as this, "it is not enough for a plaintiff to show that he or she fell on the defendant's flooring. The plaintiff must go further and prove that some condition caused the fall and that this condition was caused by the defendant." Kimbrough, 416 N.E.2d at 332. If a plaintiff does not show that some abnormal condition existed and the abnormality existed due to the defendant's action or omission, summary judgment is appropriate. See e.g. Malacina v. Meijer Stores Ltd. P'ship, No. 12 C 6077, 2014 WL 11202527, at *6 (N.D.

6

Ill. Mar. 18, 2014) (granting summary judgment for defendants when the plaintiff alleged that poor lighting and wetness or dampness on the floor caused her fall, but she did not know what the slippery substance was); Berg v. Target Corp., No. 10 CV 6386, 2013 WL 6114790, at *5 (N.D. Ill. Nov. 18, 2013) (granting summary judgment for defendants when the plaintiff alleged that she slipped and fell on a grape that she did not know was on the floor); Koukoulomatis v. Disco Wheels, Inc., 468 N.E.2d 477, 482 (Ill. App. Ct. 1984) (affirming summary judgment for defendant when the plaintiff did not know what she tripped over, but speculated that there must have been something wrong with the carpet); Kimbrough, 416 N.E.2d at 333 (affirming judgment for defendant when the plaintiff was not aware of any defect in the ramp she fell on and the only foreign substances on the ramp were grease spots with which she did not come into contact).

The evidence in this case falls well short of what is needed to show a genuine issue of material fact as to proximate cause. In her deposition, Plaintiff admits that she "stubbed her toe on the carpet," she did not blame anything else for her fall – no defect in the carpet, no uneven surface in the floor, no raised rug or mat, no slimy substance, no dim lighting, no box or cart or column caught her foot. Corvath confirmed that Plaintiff fell on "bare carpeting." And, Thomas testified that the only thing in the area where she fell "was just carpet." Furthermore, it appears that Thomas, Omer, Best Buy employees, police officers and the paramedics who treated Plaintiff's injuries were able to walk on the same carpeted area without complications. There simply is no evidence of any condition, caused by Defendants, which led to Plaintiff's fall.

"'The occurrence of an accident does not support an inference of negligence, and absent positive and affirmative proof of causation, plaintiff cannot sustain the burden of establishing the existence of a genuine issue of material fact.'" Strutz, 906 N.E.2d at 1264 (quoting Kellman v.

Twin Orchard Country Club, 560 N.E.2d 888 (Ill. App. Ct. 1990)). Accordingly, summary judgment in favor of Defendants is appropriate.

### III. CONCLUSION

For the foregoing reasons, summary judgment is granted in favor of Defendants.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 29, 2015